**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | |
|---|---|
| TODD C. SMITH, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | )          No. 14-CV-5159-SW-DGK-P |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## AMENDED ORDER DENYING MOTION TO VACATE, SET ASIDE,

## OR CORRECT SENTENCE

A jury convicted Movant Todd C. Smith ("Smith") of one count of sexual exploitation of a minor. He now files a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1) and a motion for free transcripts (Doc. 6). For the reasons below, Smith's § 2255 motion is DENIED without an evidentiary hearing and the Court shall not issue a certificate of appealability. His motion for free transcripts is also DENIED.

### Factual Background and Procedural History

Police in Carthage, Missouri, received a call that a thirteen-year-old girl, A.M., had been slapped. The police concluded that the assailant was Smith, an adult friend of the victim and her family. The police encountered Smith while he was driving, stopped him, and placed him under arrest for the assault.

Smith used his cellular telephone to call someone to pick up his vehicle. While he did so, an officer noticed a picture of A.M. on the telephone. The officers grew suspicious that the two might have had an inappropriate relationship. The police contacted two detectives with the Jasper County Sheriff's Office, Tim Williams ("Williams") and Ed Bailey ("Bailey").

Williams arranged for an interview with A.M. During the interview, A.M. did not mention any sexual contact with Smith, though young victims of sexual assault frequently do not immediately make such disclosures.

Detectives Williams and Bailey interrogated Smith (Doc. 10-2 (transcript of interrogation)). They began by reading him his *Miranda* rights. Over the course of the interrogation, Smith asked to speak to an attorney three times. The detectives began to end the interrogation, but Smith continued the conversation by asking them questions. After the detectives told him their conversation had to end because he had said he wanted to talk to an attorney, Smith said, "I still want to talk to you, obviously that's what's going on." (Doc. 10-2 at 10). The detectives attempted to obtain Smith's consent to search his telephone, but Smith equivocated. He eventually signed a written consent to search, but the detectives decided to apply for a search warrant to be on the safe side. Smith was released.

A few weeks later, A.M. asked for another interview after her friends made disclosures of sexual contact with Smith. She admitted that Smith had had sexual contact with her.

A Jasper County Circuit Court judge issued the search warrant about a week later. It is unclear what supporting affidavits were filed to establish probable cause for the warrant, but the Court takes as true Smith's allegation that the affidavits relied exclusively on statements he made during his interrogation after he asked for an attorney.

Acting pursuant to the search warrant, a forensic examiner attempted to search the telephone, but was thwarted by its password protection. He instead accessed the telephone's memory card, where he found videos of Smith engaging in sexual acts with A.M.

A federal grand jury returned a one-count indictment against Smith, charging him with sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a), (e). *See generally United*

2

*States v. Smith*, Case No. 11-CR-5044-SW-DGK (W.D. Mo. filed Nov. 8, 2011). After a two-day trial during which Smith testified in his own defense, the jury returned a verdict of guilty. The district court sentenced Smith to life imprisonment and a supervised released term of life, plus restitution.

Smith timely appealed. The Court of Appeals for the Eighth Circuit rejected each of his claims, and affirmed his conviction and sentence. *United States v. Smith*, 529 F. App'x 798 (8th Cir. 2013), *cert. denied*, 134 S. Ct. 1569 (2014).

Smith filed the instant post-conviction motion on November 26, 2014. He did not receive a transcript of his interview with Detectives Williams and Bailey until Respondent ("the Government") filed its response in this matter.

**Standard of Review**

A prisoner in custody for violating a federal law may move the district court under 28 U.S.C. § 2255 "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A § 2255 motion "is not a substitute for a direct appeal, and is not the proper way to complain about simple trial errors." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (internal citations omitted). To qualify for § 2255 relief, a movant must surmount several obstacles, two of which are relevant here. *See Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) (en banc). First, the grounds for the motion must be "cognizable" under the statute, meaning the claimed error must be constitutional, jurisdictional, or "an error of law . . . constitut[ing] 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see* 28 U.S.C. § 2255(a), (b).

Second, the petitioner must escape the procedural default quandary. If the movant raised an issue on direct appeal, then he generally may not relitigate that issue in a § 2255 motion. *Sun Bear*, 644 F.3d at 702. The movant can circumvent this bar by citing an intervening change in the law or newly discovered evidence. *English v. United States*, 998 F.2d 609, 613 (8th Cir. 1993). Conversely, if the movant did *not* raise an issue on direct appeal, then he is still barred from raising that issue in a § 2255 proceeding. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The movant can circumvent this bar by establishing cause for the procedural default and actual prejudice, or that he is actually innocent. *Id.* Another exception to this rule is a claim of ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

## Discussion

Smith argues the Court should grant his motion on six grounds: (1) the statute under which he was convicted is unconstitutional; (2) the police officers' interrogation of him violated the Fifth Amendment; (3) the police officers' search of his cellular telephone memory card violated the Fourth Amendment; (4 & 6) his trial counsel was constitutionally ineffective; and (5) the sentence imposed was unlawful. Each argument lacks merit.

### I. Because the Eighth Circuit has already rejected Smith's Commerce Clause argument, he may not raise it again.

Ground One argues that 18 U.S.C. § 2251, the sexual exploitation of children statute under which Smith was convicted, violates the Commerce Clause. *See* U.S. Const. art. 1, § 8, cl. 3. Because the Court of Appeals confronted and rejected this claim on direct appeal, Smith may not relitigate it now. *See Sun Bear*, 644 F.3d at 702.[1] This ground is denied.

---

[1] Smith attempts to clear this hurdle by arguing that there has been an intervening change in the law, as pronounced by *United States v. Husmann*, 765 F.3d 169 (3d Cir. 2014). Even assuming that an out-of-circuit decision can constitute a change in the law for § 2255 purposes, *Husmann* did not decide the statute's constitutionality. *See* 18 U.S.C. § 2251(a). Therefore, there has been no intervening change in the law. *See English*, 998 F.2d at 613.

## II. Smith's Fourth and Fifth Amendment claims are procedurally defaulted.

In Ground Two, Smith alleges that Detectives Bailey and William violated his Fifth Amendment right against self-incrimination by interrogating him without an attorney present. In Ground Three, Smith alleges that the detectives violated his Fourth Amendment right against certain searches by failing to obtain a valid warrant to search the memory card contained in his cellular telephone.

Smith did not raise either of these claims on direct appeal, and he neglects to make an actual-innocence argument. Therefore, he may not raise them now unless he demonstrates both cause excusing the default, and actual prejudice. *See Bousley*, 523 U.S. at 622.

The Court starts by looking at what caused Smith to default these claims. Smith gives no excuse for his failure to previously raise these arguments. As for the alleged Fifth Amendment violation, although he did not receive a transcript of the detectives' interview until last month, Smith was present during the interview and so knew what transpired there. If he believed that the detectives had improperly questioned him without an attorney present, then Smith could, and should, have raised that argument well before this § 2255 motion.[2] As for the alleged Fourth Amendment violation, Smith should have known well before trial the circumstances surrounding the search of his memory card and whether those circumstances were objectionable. The Court finds that Smith has no excuse for failing to raise either of these arguments.

With an excuse causing the default, the Court need not look at whether the alleged violation actually prejudiced him. *See Meeks v. United States*, 742 F.3d 841, 844 (8th Cir. 2014) ("Because petitioner[] do[es] not establish cause for the procedural default, we need not reach

---

[2] Even if a transcript were somehow necessary for Smith to bring his Fifth Amendment claim, Detective Bailey advised Smith during the interview that "for future reference you know if you do get an attorney you can tell them that we sat and talked with you and it was recorded" (Doc. 10-2 at 21).

the question of prejudice."). The doctrine of procedural default bars the Court from examining the merits of Grounds Two and Three, so these grounds are denied.

### III. Trial Counsel was not constitutionally ineffective.

Grounds Four and Six concern the Sixth Amendment right to effective assistance of trial counsel. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish that counsel's assistance was so ineffective that it deprived the petitioner of his Sixth Amendment rights, he must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Id.* at 687. Both prongs of the *Strickland* test must be satisfied to obtain relief; if Smith fails to establish prejudice, then the court need not analyze whether counsel was deficient. *See id.* at 697.

To establish prejudice under the second *Strickland* prong, the movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" for an objective factfinder. *Id.* at 694–95. "A reasonable probability is a probability sufficient to undermine confidence in the outcome[; the] errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687, 694) (internal citation omitted).

Smith claims that his trial counsel's ("Trial Counsel") performance was constitutionally ineffective in two ways. First, Trial Counsel did not move to suppress evidence arising from his interview with Detectives Bailey and William. Second, Trial Counsel did not object to the sentencing court's use of two prior convictions for sexual exploitation of children to enhance Smith's sentence.

6

**A. Trial Counsel did not actually prejudice Smith by failing to make an objection to the contents of his cellular telephone, even assuming it is the fruit of an alleged *Miranda* violation.**

Smith unambiguously invoked his *Miranda* right to an attorney at least three times (Doc. 10-2 at 9). *See Miranda v. Arizona*, 384 U.S. 436 (1966). The detectives moved to leave the interrogation, but Smith continued the conversation. After the detectives told him their conversation had to end because he had said he wanted to talk to an attorney, Smith said, "I still want to talk to you, obviously that's what's going on." (Doc. 10-2 at 10). Taking his claims as true, the police used statements from after his invocation of *Miranda* to form the probable cause they needed to obtain a search warrant for Smith's cellular telephone. He argues that these statements' unlawful genesis cannot form the basis for probable cause. And without evidence gleaned from the telephone pursuant to the search warrant, Smith believes that the Government would not have had a case against him. Smith thus argues in Ground Four that in failing to follow up on this argument and failing to file a motion to suppress evidence related to his telephone, Trial Counsel was constitutionally ineffective.

Even if Smith's *Miranda* rights were violated, the circuit court impermissibly used *Miranda*-violative statements to find probable cause, and Trial Counsel was deficient in failing to press this issue, Smith was not prejudiced. "Prejudice flowing from an attorney's failure to file a suppression motion is determined by examining the likely success of the motion." *Kellogg v. Scurr*, 741 F.2d 1099, 1104 (8th Cir. 1984). Such a motion would have argued that because *Miranda* was violated, the evidence must be suppressed. However, "a violation of the *Miranda* rule does not justify the suppression of physical evidence that is the fruit of custodial interrogation conducted without *Miranda* warnings." *United States v. Morgan*, 729 F.3d 1086, 1091 (8th Cir. 2013) (citing *United States v. Patane*, 542 U.S. 630, 642–44 (2004) (plurality opinion); *id.* at 644–45 (Kennedy, J., concurring)). Because physical evidence that is the fruit of

7

statements made *without Miranda* warnings is admissible at trial, *see Patane*, 542 U.S. at 644, it follows that physical evidence that is the fruit of statements made *in spite of Miranda* warnings would be no less admissible. *See also United States v. Fellers*, 397 F.3d 1090, 1094 (8th Cir. 2005) ("Whether the exclusionary rule applies to evidence acquired subsequent to a constitutional violation requires consideration of the possible admissibility of the evidence in light of the distinct policies and interests of each Amendment."); *Patane*, 542 U.S. at 637 (plurality opinion) ("[T]he core protection afforded by the Self-Incrimination Clause is a prohibition on compelling a criminal defendant *to testify* against himself at trial." (emphasis added)).

Thus, assuming the contents of Smith's cellular telephone are properly considered fruits of a *Miranda* violation, the trial court would not have granted a motion to suppress them. *See Morgan*, 729 F.3d at 1091; *Patane*, 542 U.S. at 644. Because such a motion would not be successful, Trial Counsel did not prejudice Smith by failing to file it. *See Kellogg*, 741 F.2d at 1104; *Harrington*, 562 U.S. at 104 ("[C]ounsel's unprofessional errors [must] undermine confidence in the outcome."). And absent prejudice, Trial Counsel did not run afoul of the Sixth Amendment. *See Strickland*, 466 U.S. at 697 (requiring both deficient conduct and actual prejudice for a *Strickland* claim to succeed). Ground Four is denied.

## B. Trial Counsel was not deficient for failing to make enhancement objections.

Smith's statute of conviction raises the mandatory minimum sentence to thirty-five years' imprisonment for individuals with two prior convictions "under the laws of any State relating to the sexual exploitation of children." 18 U.S.C. § 2251(e). The statute counts any such conviction, regardless of how many years have passed since the defendant's conviction or release from confinement. *Id.* The sentencing court found that Smith had two qualifying prior

convictions. In Ground Six, Smith argues Trial Counsel was ineffective for failing to object to this sentence enhancement.

Smith admitted at trial that he was convicted of criminal sexual abuse in 1990 for having sex with a thirteen-year-old. He admitted at trial that he was convicted of sexual misconduct in 2000 for having sex with a seventeen-year-old. These two convictions made him eligible for the thirty-five-year mandatory minimum sentence, regardless of how long ago they were entered. Hence, Trial Counsel had no colorable objection to make. To the extent Smith is arguing that his attorney should have objected instead to the court's Guidelines calculation, the Eighth Circuit has already found "no error in Smith's sentence, which was within the properly calculated Guidelines range." *Smith*, 529 F. App'x at 799. Therefore, Trial Counsel was in no way constitutionally deficient for failing to make these sentencing objections. There was no ineffective assistance of counsel, and Ground Six is denied. *See Strickland*, 466 U.S. at 697 (requiring both deficient conduct and actual prejudice for a *Strickland* claim to succeed).

## IV. Because the Eighth Circuit has already rejected Smith's Sentencing Guidelines challenge, he may not raise it again.

In Ground Five, Smith asserts that the sentencing court improperly used non-qualifying offenses to increase his "Criminal History" category under the United States Sentencing Guidelines. Even assuming this argument is cognizable under § 2255, *but see Sun Bear*, 644 F.3d at 704, the Court of Appeals confronted and rejected this claim on direct appeal. *Smith*, 529 F. App'x at 799. Because Smith does not demonstrate that he meets any exception to the bar against collaterally relitigating claims, *see English*, 998 F.2d at 613,[3] the Court denies Ground Five. *See Sun Bear*, 644 F.3d at 702.

---

[3] Smith argues that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), constitutes an intervening change in law, which should allow him to raise this claim again. Essentially, *Alleyne* prohibits district courts from increasing the mandatory minimum sentence based on facts not found by the jury. *Alleyne*, 133 S. Ct. at 2155. However, the

## V. No evidentiary hearing is required or will be held.

Rule 8(a) of the Rules Governing Section 2255 Proceedings requires the habeas court to decide whether an evidentiary hearing is necessary to rule on the motion. "An evidentiary hearing may be denied, however, if the motion, files, and records of the case conclusively show that the movant is not entitled to relief." *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (citing 28 U.S.C. § 2255(b)). This showing has been made if "the petitioner's allegations, accepted as true, would not entitle the petitioner to relief." *Id.* (alterations removed).

As discussed above, even taken as true, Smith's factual claims do not entitle him to relief. Consequently, no evidentiary hearing is required or will be held. *See id.*

## V. A certificate of appealability shall not issue on any ground.

Because the Court will enter a final order adverse to Smith, it must grant or deny a certificate of appealability. *See* Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claims "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004).

The Court holds that no reasonable jurist would grant any part of this motion, and denies certificates of appealability accordingly. *See* 28 U.S.C. § 2255.

## VI. Smith is not entitled to free transcripts.

Smith moves for the Court to provide him two transcripts free of charge (Doc. 6). The first transcript is a transcript of his interrogation with Detectives Williams and Bailey. Because

---

government does not need to prove the fact of a prior conviction to the jury. *Almendarez-Torres v. United States*, 523 U.S. 224 (1998); *see also Alleyne*, 133 S. Ct. at 2160 n.1 (preserving the holding of *Almendarez-Torres*). The mandatory minimum sentence in Smith's statute of conviction was determined solely by the number of previous convictions for sexual exploitation of minors. *See* 18 U.S.C. § 2251(e). Therefore, the sentencing court did not violate *Alleyne* by neglecting to have a jury find the fact of his prior convictions.

the Government has already provided him with this transcript, this part of the motion is denied as moot.

Second, Smith seeks a transcript of his trial in which the trial judge read aloud the jury instructions. As the trial transcript indicates, the jury instructions were reported but not transcribed (Doc. 58 at 9 (Instructions 1–7); Doc. 59 at 79 (Instructions 8–17)). Smith asserts that he needs a transcript of the instructions being read, as apparently opposed to just copies of the instructions themselves, in order "to fully expand on the issue raised of ineffective assistance of counsel," because "the instruction[s] include[] language that his counsel should have objected to" (Doc. 6 at 2).

A court may provide a § 2255 movant proceeding in forma pauperis, like Smith, with a transcript free of charge if it "certifies . . . that the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f). Here, Smith wants this transcript to prosecute his ineffective-assistance-of-counsel claims. He does not indicate why the written jury instructions filed in the record are insufficient to make this claim, or whether the trial judge's reading of the instructions deviated from the written version of the instructions actually provided to the jury. Rather, the Court finds that he wants a free transcript simply to fish for a new ground for § 2255 relief. *See Culbert v. United States*, 325 F.2d 920, 922 (8th Cir. 1964) ("'[A]n indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.'" (quoting *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963))). Because Smith fails to demonstrate any § 2255 issue for which this transcript is needed, this part of the motion is denied.

Insofar as Smith may be asking for a copy of the written jury instructions, the Clerk of the Court will mail him a copy of those instructions.

## Conclusion

Smith's claims are without merit. Accordingly, Smith's Motion to Vacate, Set Aside, or Correct Judgment Pursuant to 28 U.S.C. § 2255 (Doc. 1) is DENIED. A certificate of appealability is DENIED on all grounds.

His motion for transcripts (Doc. 6) is DENIED. The Clerk of the Court is directed to mail Smith a copy of the sealed "Jury Instructions Given," Doc. 49 in Case No. 11-CR-5044-SW-DGK.

**IT IS SO ORDERED.**

Date: __February 8, 2016__                    __/s/ Greg Kays_____
                                             GREG KAYS, CHIEF JUDGE
                                             UNITED STATES DISTRICT COURT